IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kenneth Woods | : | Civil Action No. 12-5608 |
| Plaintiff | : | |
| v. | : | JURY TRIAL DEMANDED |
| Police Chief Carmen D. Pettine, et al. | : | |
| Defendants | : | |

## ORDER

AND NOW, this        day of                    , 2012, upon consideration of Defendants' Motion for Dismissal under Federal Rule of Civil Procedure 12(b)(6), and Plaintiff's response thereto, it is hereby ORDERED and DECREED that: Plaintiff's Complaint is dismissed.

_____
Tucker, Petrese B.                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kenneth Woods | : | Civil Action No. 12-5608 |
| Plaintiff | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| Police Chief Carmen D. Pettine, et al. | : | |
| Defendants | : | |

## DEFENDANTS' MOTION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants, Police Chief Carmen D. Pettine, Sergeant Daniel Wallower, Detective Jere Goodman and Police Officer Thomas McDermott, by and through their counsel, Robert P. DiDomenicis, Esquire, hereby move for dismissal of Plaintiff's Complaint in the above matter for the reasons which are set forth more fully below, as follows:

1. Plaintiff's Complaint fails to meet the pleading standard required to set forth a claim upon which relief can be granted.

2. Plaintiff has asserted no facts which can establish a plausible claim for relief against Defendants.

3. Plaintiff's claims under the Fifth Amendment are barred as none of the actors are federal actors.

4. Plaintiff's claims under the Eighth Amendment are barred as Plaintiff was not convicted at any time material to Plaintiff's Complaint.

5.  Plaintiff's claims under the Fourteenth Amendment for violation of due process and equal protection must be dismissed as Plaintiff fails to set forth any facts which would give rise to a Fourteenth Amendment claim.

6.  Plaintiff's claims against all Defendants must be dismissed as Plaintiff fails to set forth any facts which can give rise to a Fourth Amendment violation.

7.  Plaintiff's claims against Police Chief Carmen Pettine fail to establish a claim for supervisory liability, individual liability or municipal liability.

8.  Plaintiff's claims for negligent and intentional infliction of emotional distress are barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, *et seq.*, and Plaintiff has failed to plead sufficient supporting facts.

WHEREFORE, Defendants demand that judgment be entered in its favor and the Plaintiff's Complaint be dismissed with prejudice.

Respectfully Submitted,
**HOLSTEN & ASSOCIATES**

BY: **RPD2724**
**ROBERT P. DIDOMENICIS, ESQUIRE**
**Attorney for Defendants**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Kenneth Woods** | : | Civil Action No. 12-5608 |
| **Plaintiff** | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| Police Chief Carmen D. Pettine, et al. | : | |
| **Defendants** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) TO DISMISS PLAINTIFF'S COMPLAINT

### I.   INTRODUCTION

Plaintiff filed the Instant Complaint on October 1, 2012 and same was served upon Defendants on November 1, 2012.

The Plaintiff asserts that on or about September 30, 2010 at approximately 4:00 a.m., he was arrested and charged with various felonies and other offenses. (¶11). Plaintiff asserts that his arrest was a result of a serious traffic accident which resulted in the death of one Villanova student and serious injury to another. (¶12). Plaintiff also asserts that on October 1, 2010, he was cleared of all wrongdoing in the aforesaid incident. (¶13).

Plaintiff then asserts that all Defendants knew or should have known that he was not involved in the aforesaid accident. (¶14). He asserts that Chief Pettine knew or should have known that Plaintiff was not involved and failed to stop other officers from arresting Plaintiff. (¶15). Plaintiff then asserts various conclusions of law alleging the Chief Pettine knew or should

have known that Plaintiff's constitutional rights were violated, that he failed to discipline his officers and acquiesced and/or tolerated such unconstitutional practices. (¶23-25).

Plaintiff fails to set forth any facts that would establish that Chief Pettine was aware that any of his officers were violating anyone's constitutional rights or that discipline was lacking. Plaintiff fails to set forth any facts that would establish that the Plaintiff's rights were violated under the U.S. Constitution.

Count I of Plaintiff's Complaint asserts what appears to be civil rights violations under the United States Constitution which appear to be brought pursuant to 42 U.S.C. §1983 alleging violations of Plaintiff's Fourth, Fifth, Eighth and Fourteen Amendment rights and a conspiracy. (¶'s33-35).

Count II of Plaintiff's Complaint appears to allege what is a state law false arrest and false imprisonment claim against all Defendants without setting forth any facts to establish same. (¶37-40).

Count III sets forth a malicious prosecution and malicious abuse of process of law claim apparently under state law and again fails to set forth any facts that would establish said claims. (¶42 & 43).

Count IV sets forth a claim against all Defendants for negligent infliction of emotional distress which is conclusory in nature. (¶45).

Finally, Count V of Plaintiff's Complaint sets forth a claim against all Defendants for intentional infliction of emotional distress and as with the prior claims, sets forth nothing but conclusions. (¶47).

2

For the reasons stated more fully herein, the Plaintiff's Complaint fails to meet the pleading standard required under the Federal Rules of Civil Procedure and the facts asserted by Plaintiff fail to establish the necessary elements of any claim against the Defendants.

## II.   **LEGAL STANDARD**

When deciding a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded factual averments and must construe them in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 228 (3rd Cir. 2008). The Supreme Court in Twombly v. Bell Atlantic Corp., 550 U.S. 544, 127 S.Ct. 1955 (2007) established a three-pronged approach for all civil actions. The Court must first identify the elements Plaintiff must plead to state a claim; secondly, the Court must determine whether the Complaint sets forth factual allegations or conclusory statements; finally, if there are sufficient fact allegations, the Court must assume their veracity and draw reasonable inferences in favor of the non-moving party, but then must determine whether the factual allegations plausibly give rise to an entitlement to relief. See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937(2009) and Santiago v. Warminster Township, 629 F.3d 121, 130(n)7(2010). The Court must then separate the factual and legal averments of the claims and accept the well-pleaded facts as true and disregard any legal conclusions. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3rd Cir. 2009).

In order to state a claim, Plaintiff must accordingly allege circumstances with enough factual matter to suggest the required claim exists. Phillips at 234. Whether a claim is plausible depends upon the context of the claim asserted. Phillips at 233. A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to reasonably infer that the Defendant is liable for the misconduct alleged. Gelman v. State Farm Mutual Auto Ins. Co., 583

3

F.3d 187, 190 (3rd Cir. 2009). The claim presented must have "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face…" Iqbal, 129 S.Ct. at 1949.

### III. ARGUMENT

#### A. Plaintiff's Complaint fails to meet the pleading standard required under F.R.C.P. 12(b)(6)

In the instant case, Plaintiff's well-pleaded factual averments, excluding legal conclusions, consist of two facts: that Plaintiff was arrested on September 30, 2010 at 4:00 a.m. and that he was cleared of all charges on October 1, 2010. The remaining allegations in Plaintiff's Complaint are legal conclusions and cannot be relied upon by the Court to determine whether a claim for relief is set forth.

Plaintiff fails to set forth any of the factual averments that would establish that probable cause was lacking and merely claims that the arrest was made without probable cause. Plaintiff fails to set forth the necessary elements, from a factual standpoint, to establish a malicious prosecution or abuse of process. Plaintiff fails to set forth any facts that would establish the involvement on a personal or a supervisory level of any of the four Defendants. For these reasons, Plaintiff's Complaint fails to meet the standards set forth in Twombly, and Iqbal which require Plaintiff to state a claim for relief that is "plausible" on its face. Accordingly, Plaintiff's Complaint must be dismissed.

#### B. Plaintiff's allegations against Carmen D. Pettine, Police Chief, are insufficient to give rise to a claim of individual liability, supervisory liability or municipal liability.

Plaintiff has sued Carmen D. Pettine, Police Chief of Haverford Township, in his official and individual capacity. However, Plaintiff asserts no factual allegations that establish personal involvement in the arrest of Plaintiff by Chief Pettine. In order for a Defendant to have liability in a civil rights action, the Defendant must have some personal involvement in the alleged

wrongs. Liability cannot be based solely upon the operation of vicarious liability or *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3rd Cir. 1988) citing Parratt v. Taylor, 451 U.S. 527, 537n.3 (1981). Similarly, in order to establish supervisory liability, Plaintiff must not only establish the underlying constitutional violation, but that the violation occurred as a result of a causal connection between the supervisor's direction and the violation itself. Santiago v. Warminster Township, 629 F.3d 121, 130 (2010). In other words, Plaintiff would have to plead and prove that a supervisor gave certain direction that he knew or should have known would deprive a person of his or her constitutional rights. Id. 130. Here, the Plaintiff pleads no facts that would establish the necessary connection between Chief Pettine and the arrest of Plaintiff.

Moreover, Chief Pettine in his official capacity, does not have *respondeat superior* liability for the acts of individual officers. Monell v. Department of Social Services of New York, 436 U.S. 658, 692 (1978). Even if Plaintiff asserted that Chief Pettine was a final policymaker in order to establish municipal liability, Plaintiff's Complaint against Chief Pettine must be dismissed. As a matter of law in the Commonwealth of Pennsylvania, a township Police Chief is not a final policymaker. See Santiago, Id. 135 citing 53 Pa.C.S.A. §66902. This statute provides that authority over the Township Police Department lies with the Board of Supervisors, not with the Police Chief. See also Hicks v. Warminster Township, 2001 WL 1159750, *3(E.D.Pa. July 26, 2001).

Accordingly, Plaintiff cannot establish individual, supervisory or municipal liability against Chief Carmen Pettine. Supervisory liability in the Third Circuit requires "actual knowledge and acquiescence" and this element is completely lacking in Plaintiff's Complaint. Rode, Id. 1207.

C. **Plaintiff does not have a viable Fifth or Eighth Amendment Claim against Defendants.**

5

Although Plaintiff asserts a violation of the Fifth Amendment and Eighth Amendment, Plaintiff asserts no facts that would establish same. In fact, the allegations in Plaintiff's Complaint are that all four Defendants are employees of a local police department. The Fifth Amendment applies only to federal actors. Kelly v. Borough of Sayreville, 107 F.3d 1073 (3rd Cir.1997) and Nguyen v. U.S. Catholic Conference, 719 F.2d 52 (3rd Cir. 1983). Accordingly, Plaintiff can present no Fifth Amendment claim against Defendants herein.

Plaintiff also fails to set forth an Eighth Amendment claim. Plaintiff's Complaint establishes that he was arrested on September 30th and cleared of all charges on October 1, 2010. However, the Eighth Amendment is "designed to protect those convicted of crimes." Ingraham v. Wright, 430 U.S. 651, 664 (1977). Accordingly, the Eighth Amendment would apply only after a conviction and Plaintiff was clearly not convicted in this case based upon his own factual averments. Therefore, Plaintiff has no viable Eighth Amendment claim. See also Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983).

Accordingly, Plaintiff cannot set forth any viable claim under the Fifth or Eighth Amendments to the U.S. Constitution and such claims must be dismissed.

### D. Plaintiff fails to set forth any viable Fourteenth Amendment claim for violation of due process or equal protection.

To the extent that Plaintiff asserts an equal protection claim under the Fourteenth Amendment, Plaintiff has not sustained his minimum pleading burden and the facts that are alleged clearly do not set forth the claim for equal protection violation.

In order to bring a successful claim under 42 U.S.C. §1983 for a denial of equal protection, Plaintiff must prove the existence of "purposeful discrimination". Chambers ex rel Chambers v. School District of Philadelphia Board of Education, 587 F.3d 176, 196 (3rd Cir. 2009) citing Andrews v. City of Philadelphia, 895 F.2d 1469 (3rd Cir. 1990). More specifically,

6

Plaintiff must prove that he has been "treated differently because of his membership in a suspect class…or that he has been treated differently from similarly situated others…". <u>Young v. New Sewickley Twp.</u>, 160 F.App'x 263, 266 (3rd Cir. 2005) (citing <u>City of Cliburn v. Cliburn Living Center</u>, 473 U.S. 432 (1985)). See also <u>Williams v. Morton</u>, 343 F.3d 212, 221 (3rd Cir. 2003).

In this case, Plaintiff has asserted no facts that would give rise to an equal protection claim under the Fourteenth Amendment.

Similarly, Plaintiff has set forth no facts that would give rise to a due process claim. The allegations of wrongful arrest without probable cause are claims that should be brought under the Fourth Amendment. <u>Atwater v. City of Lago Vista</u>, 532 U.S. 318 (2001). The Supreme Court has made it clear that the specific constitutional amendment which provides the explicit textual source of constitutional protection rather than some generalized notion of due process is that which is the appropriate source from which a claim should arise. <u>Albright v. Oliver</u>, 510 U.S. 266, 273-74 (1994). Clearly, the Fourth Amendment rather than the generalized notion of due process under the Fourteenth Amendment would govern the arrest without probable cause asserted by Plaintiff.

Therefore, Plaintiff's claims under the Fourteenth Amendment identified simply as a violation of equal protection and due process must be dismissed.

E. **<u>Plaintiff's claims for negligent infliction of emotional distress are barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, *et seq.*</u>**

Count IV of Plaintiff's Complaint asserts a claim for negligent infliction of emotional distress asserting that this claim arises as a result of the negligence of the Defendants. However, this claim is barred under the provisions of the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, *et seq.* (TCA).

The Tort Claims Act provides as follows:

7

> Except as otherwise provided in the subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person. 42 Pa. C.S.A. §8541.

> An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter. 42 Pa. C.S.A. §8545.

The exceptions to the governmental immunity are set forth at 42 Pa. C.S.A. §8542 as follows:

> (a) liability imposed.—a local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the Acts set forth in subsection (b):
>
> (1) the damages would be recoverable under common law or a statue creating a cause of action if the injury were caused by a person not having available a defense under §8541 (relating to governmental immunity generally) or §8546 (relating to defense of official immunity); and
>
> (2) the injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

There are 8 specific categories of acts for which immunity has been waived. These include:

1. Vehicle liability;
2. Care, custody or control of personal property;
3. Care, custody or control of real property;
4. Trees, traffic controls and street lighting;
5. Utility service facilities;
6. Streets;
7. Sidewalks; and,
8. Care, custody or control of animals.

Clearly, claims of negligent infliction of emotional distress do not fall within any of the enumerated exceptions to immunity under the Tort Claims Act. Furthermore, negligent infliction

8

of emotional distress does not constitute an intentional tort for which an employee of a local agency may lose immunity under 42 Pa.C.S. § 8550. Therefore, Plaintiff's claims of negligent infliction of emotional distress against Defendants herein must be dismissed.

### F. Plaintiff fails to present any facts to support a Fourth Amendment violation against the individual Defendants.

The meager facts set forth by Plaintiff in his Complaint establish only that he was arrested at approximately 4:00 a.m. on September 30, and cleared of all wrongdoing on October 1, 2010. Plaintiff does not plead sufficient facts that would establish that his arrest was without probable cause. Accordingly, the claims in Counts I, II and III must be dismissed.

The proper inquiry on a Fourth Amendment claim pursued under 42 U.S.C. §1983 in a false arrest or misuse of the criminal process is not whether the person in fact committed the offense or crime, but whether the officers who arrested that person had probable cause to believe the person arrested had committed the offense. Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3rd Cir. 1988). To establish a malicious prosecution claim or abuse of process claim, Plaintiff would also have to establish that probable cause was lacking under both federal and state law. Kelley v. Gen. Teamsters Local Union 249, 518 P.A. 517, 544 A.2d 940, 941 (1988) and Kossler v. Crisanti, 564 F.3d 181 192-94 (3rd Cir. 2009).

Accordingly, in order to proceed under Counts I, II and III, Plaintiff must establish that probable cause was lacking. Probable cause has been defined as sufficient facts and circumstances within an officer's knowledge which are sufficient to warrant a prudent man in believing that an individual has committed or was committing a crime. Beck v. Ohio, 379 U.S. 89, 91 (1964). The Third Circuit has explained that probable cause "exists if there is a fair probability that the person committed the crime at issue." Wilson v. Russo, 212 F.3d 781, 789 (3rd Cir. 2000).

9

Accordingly, Plaintiff's pleading utterly fails to establish a lack of probable cause with a basis for such an allegation and, therefore, the claims under Counts I through III, inclusive of Plaintiff's Complaint should be dismissed as to all Defendants.

### G. **Plaintiff's claims of intentional infliction of emotional distress must also be dismissed.**

Plaintiff's Complaint utterly fails to set forth any facts that would establish a basis for intentional infliction of emotional distress. Under Pennsylvania law, such a claim must be supported by competent medical evidence to support the allegation. Kazatsky v. King David Memorial Park, Inc., 527 A.2d 988, 995 (P.A. 1987). Plaintiff fails to plead any facts that would support a basis for an intentional infliction of emotional distress claim. Plaintiff's pleading establishes only that Plaintiff was arrested on one day and cleared of all wrong doing on the following day. There is no allegation other than bald general legal conclusions that he suffered emotional distress requiring any type of medical or psychological treatment.

For these reasons, Count V of Plaintiff's Complaint must also be dismissed.

### IV. CONCLUSION

For the reasons stated herein, Defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice.

> Respectfully Submitted,
> **HOLSTEN & ASSOCIATES**
>
> BY: **RPD2724**
> **ROBERT P. DIDOMENICIS, ESQUIRE**
> **Attorney for Defendants**

## CERTIFICATE OF SERVICE

I, Robert P. DiDomenicis, Esquire, counsel for Defendants Police Chief Carmen D. Pettine, Sergeant Daniel Wallower, Detective Jere Goodman and Police Officer Thomas McDermott state that a true and correct copy of the within Defendants' Motion for Dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure (12)(b)(6) was served upon the following individuals via electronically and U.S. Mail, this 20th day of November, 2012.

> Holly C. Dobrosky, Esquire
> 1910 Land Title Building
> 100 S. Broad Street
> Philadelphia, PA  19110

> Respectfully submitted,
> **HOLSTEN & ASSOCIATES**
>
> <u>RPD2724</u>
> **ROBERT P. DiDOMENICIS, ESQUIRE**
> **Attorney ID No. 30482**
> **One Olive Street**
> **Media, PA  19063**
> **(610) 627-2437**
> **Attorney for Defendants**

3